UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PREMIER ORTHOPAEDIC ASSOCIATES OF SOUTHERN NJ, LLC, | 1:20-cv-11641-NLH-AMD |
| Plaintiff, | **OPINION** |
| v. | |
| AETNA, INC., | |
| Defendant. | |

**APPEARANCES**

DARA J. LAWALL
AARON A. MITCHELL
LAWALL & MITCHELL, LLC
55 MADISON AVENUE
MORRISTOWN, NEW JERSEY 07960

   *On behalf of Plaintiff*

CHRISTOPHER ABATEMARCO
CONNELL FOLEY LLP
85 LIVINGSTON AVENUE
ROSELAND, NJ 07068

   *On behalf of Defendant*

**HILLMAN**, **District Judge**

   This matter concerns claims by an orthopedic surgeon, Raul Shah, M.D., through his practice, Plaintiff Premier Orthopaedic Associates of Southern NJ, LLC, against his patient's insurance company, Aetna, to recover the $161,045.95

balance of Plaintiff's charges for the patient's surgery.[1]

Plaintiff claims that prior to the patient's surgery on August 5, 2015, "as part of its normal business practice, [it] obtained authorization for the medically necessary treatment of the Patient." (Docket No. 1-1 at 8.) Plaintiff claims that it billed Aetna $168,797.00 for "this medically necessary treatment [which] represents normal and reasonable charges for the complex procedures performed by a Board-Certified Orthopaedic Surgeon, practicing in New Jersey." (Id. at 9.) Plaintiff claims that Aetna paid only $7,751.05 and should be liable for the full amount of unpaid charges.

Plaintiff contends, "While Defendants[2] were aware that Plaintiff was an out-of-network provider, Defendants never

---

[1] Aetna removed Plaintiff's complaint from New Jersey state court to this Court, averring that this Court has subject matter jurisdiction over the action based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332(a). Plaintiff is an LLC with four individual members. Each member is a citizen of New Jersey. Plaintiff is therefore a citizen of New Jersey. Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010). Aetna, Inc. is a holding company and the parent of Aetna Life Insurance Company. Aetna Life Insurance Company is the proper party to this matter. Aetna Life Insurance Company is a Connecticut corporation with its principal place of business in Hartford, Connecticut. 28 U.S.C. § 1332(c)(1). (Docket No. 8, Amended Notice of Removal.)

[2] Plaintiff's complaint references "Defendants," but Aetna is the sole defendant.

2

disclosed that it did not intend to pay the fair and reasonable value for said services. To the contrary, by issuing an authorization number for the services[,] Defendants accepted and approved the medically necessary services provided by Plaintiff, with the explicit knowledge that Defendants never intended to pay the amounts they were obligated to pay." (Id. at 9.) To recover the balance owed for the surgery, along with attorney's fees and costs, Plaintiff has lodged three counts against Aetna for breach of implied contract (First Count), promissory estoppel (Second Count), and accounts stated (Third Count).[3]

Aetna has moved to dismiss Plaintiff's complaint in its entirety. In support of its motion, Aetna presents the preauthorization letter for the patient's surgery referenced in Plaintiff's complaint, but not attached to Plaintiff's complaint. On July 20, 2015, Aetna informed the patient and Plaintiff, "Coverage for this service has been approved, subject to the requirements in this letter. This service will be covered at an out-of-network benefit level." (Docket No. 7-4 at 2-8.) The letter further informed the patient and Plaintiff, "There is an online cost estimator tool to help you

---

[3] Both parties agree that New Jersey law governs Plaintiff's claims.

estimate how much you may have to pay for out-of-network services." (Id. at 4.) The letter also stated:

> If you use out-of-network providers, here's what you should know:
>
> We may process your claims as "out-of-network" or "non-preferred." And, you may have to pay:
>
> - Higher copayments
> - Deductibles
> - Coinsurance
> - Any provider charges above what we cover (these costs may be high)

(Id. at 6.)

Aetna argues that Plaintiff's claims against it fail because no contract, implied or otherwise, existed between Aetna and Plaintiff that it would pay Plaintiff its total charges for the patient's out-of-network surgery. To the contrary, Aetna points to the preauthorization letter, which explicitly explained that Plaintiff's services would be paid as an out-of-network provider subject to the terms of the patient's plan. (See Docket No. 7-4 at 4: "You will see an estimated charge, an estimated reimbursement amount, and an estimated out-of-pocket cost for the procedure or service you chose. The estimated reimbursement amount is 70% of the estimated charge. You may need to change that based on your plan. For example, if your plan only pays 60% of out-of-network charges, you should adjust the reimbursement

percentage to 60%.") Aetna further argues that the explicit notice in the preauthorization letter that Plaintiff's charges may be above what Aetna covered under the patient's plan negates any claim by Plaintiff for promissory estoppel and accounts stated.

In opposition, Plaintiff presents several arguments. First, Plaintiff relates: "Plaintiff did not receive the precertification letter purportedly sent by Aetna and Aetna's certification inferring that it was sent is utterly vague and deficient to establish it was actually sent, let alone received. Aetna does not provide any first-hand testimony or evidence as to the date and/or method that the purported letter was sent. However, Plaintiff specifically denies having received it."[4] (Docket No. 14 at 6 n.1.)

---

[4] Plaintiff asserts this argument in a footnote in the context of arguing that the Third Circuit and other courts have found "nearly identical" claims as those presented here to be viable. Plaintiff argues, "Most recently and controlling here the United States Court of Appeal for the Third Circuit held (against Aetna) that breach of contract and promissory estoppel claims nearly-identical to those alleged herein were not pre-empted by ERISA and could not be dismissed . . . ." (Docket No. 14 at 5, emphasis in original.) Plaintiff's argument is inapposite to Aetna's motion. In Plastic Surgery Center, P.A. v. Aetna Life Insurance Company, 967 F.3d 218, 242 (3d Cir. 2020), the Third Circuit held that because the out-of-network plaintiff plausibly alleged breach of contract and promissory estoppel claims that did not contain an impermissible "reference to" or "connection with" ERISA plans, the district court erred in dismissing those claims as preempted at the motion to dismiss stage of the litigation.

5

Additionally, Plaintiff argues that by preauthorizing the patient's surgery, Aetna agreed to pay Plaintiff's fair and

---

Here, Aetna does not argue that Plaintiff's claims are preempted by ERISA. Instead Aetna argues that Plaintiff's complaint fails to state cognizable claims as pleaded. Aetna points this out in its reply brief, but also ask the Court to rely on precedent that does not neatly apply here. Aetna asks this Court to follow East Coast Advanced Plastic Surgery v. Aetna Inc., 2019 WL 2223942, at *1 (D.N.J. 2019) ("East Coast 2019"), which dismissed identical claims advanced by the same plaintiff's counsel based on ERISA preemption. In East Coast 2019, the court observed that even though the plaintiff referred to Aetna's preauthorization letter in its complaint, it failed to attach it to its complaint. Considering the letter as "an integral document that may be considered at the motion to dismiss stage" and noting that the plaintiff did not dispute that the court could consider it, the court concluded that the preauthorization letter did not state it would pay the plaintiff's usual and customary rate, which contradicted the allegations in the plaintiff's complaint. The court determined that the preauthorization letter controlled the parties' payment arrangement, thus requiring the court to reference the patient's plan to resolve the plaintiff's state law claims. Because such claims related to an ERISA plan, the court concluded that the state law claims were preempted. East Coast 2019, 2019 WL 2223942, at *3. The court noted that because the plaintiff's claims were preempted under ERISA, it did not need to consider Aetna's alternative argument that the state law claims were not sufficiently pleaded. Id. at *3 n.5. In its motion here, Aetna acknowledges that ERISA preemption is not at issue, but argues that this Court should hold as the court in East Coast 2019 did that the preauthorization letter, which Plaintiff fails to attach to its complaint but references in its complaint, controls and undermines Plaintiff's claims. As discussed herein, however, unlike in East Coast 2019, Plaintiff disputes that the Court may rely upon the preauthorization letter to resolve Aetna's motion to dismiss. Thus, neither Plastic Surgery Center nor East Coast 2019 serves as persuasive authority in this matter. Moreover, it appears that the reasoning in East Coast 2019 has been abrogated by the Third Circuit's decision in Plastic Surgery Center.

reasonable rates, and Aetna breached that agreement by paying only a fraction of Plaintiff's charges. Plaintiff contends that this allegation also fully supports its promissory estoppel and account stated claims.

Plaintiff also cites to two cases in which similar claims survived the insurers' motions to dismiss and asks this Court to come to the same conclusion here. In <u>Comprehensive Spine Care, P.A. v. Oxford Health Insurance, Inc.</u>, 2018 WL 6445593, at *6 (D.N.J. 2018) and <u>East Coast Advanced Plastic Surgery v. Aetna, Inc.</u>, 2018 WL 3062907, at *3 (D.N.J. 2018) ("<u>East Coast 2018</u>"), the providers alleged that they rendered services in reliance of insurers' preauthorization, and the courts held that the providers sufficiently alleged that they understood the preauthorization to create a promise that the insurers would pay their usual and customary rates, which claims supported breach of implied contract, promissory estoppel, and accounts stated.[5]

---

[5] In <u>Comprehensive Spine</u>, 2:18-cv-10036-MCA-JAD, the plaintiff did not attach a preauthorization letter to its complaint, and defendant did not move to dismiss the plaintiff's complaint based on a preauthorization letter. After the court denied the defendant's motion, defendant moved for reconsideration on the basis of the preauthorization letter. The court denied the defendant's motion for reconsideration because the plaintiff disputed the letter's authenticity, and because the letter was not evidence that was unavailable at the time it filed its original motion to dismiss. <u>See</u> Case 2:18-cv-10036-MCA-JAD Document 37. The case ultimately settled.

To prevail on its breach of contract claim, Plaintiff has the burden to prove four elements: (1) that the parties entered into a contract containing certain terms; (2) that plaintiff did what the contract required it to do; (3) that defendant did not do what the contract required it to do, defined as a breach of the contract; and (4) that defendant's breach, or failure to do what the contract required, caused a loss to the plaintiff. <u>Levari Enterprises, LLC v. Kenworth Truck Company</u>, 2021 WL 672657, at *5 (D.N.J. 2021) (citing <u>Globe Motor Co. v. Igdalev</u>, 139 A.3d 57, 64 (N.J. 2016)) (other citations omitted). The elements of an implied-in-fact contract are the same as the elements of an express contract. <u>Doe v. Princeton University</u>, 2020 WL 7383192, at *5 (D.N.J. 2020) (citation omitted).

To maintain a claim of promissory estoppel, Plaintiff must establish the following elements: "'(1) a clear and definite promise; (2) made with the expectations that the promisee will rely on it; (3) reasonable reliance; and (4)

---

In <u>East Coast 2018</u>, 2:17-cv-13676-WJM-MF, the plaintiff referenced preauthorization letters in its complaint, but failed to attach them to the complaint. The defendant moved to dismiss on the content of two preauthorization letters. The court's opinion in denying the defendant's motion to dismiss did not address the preauthorization letters presented in the defendant's motion. <u>See</u> 2:17-cv-13676-WJM-MF Document 18. The case ultimately settled.

definite and substantial detriment.'"  Mendez v. Port Authority of New York and New Jersey, 2017 WL 1197784, at *12 (D.N.J. 2017) (quoting Scagnelli v. Schiavone, 538 F. App'x 192, 194 (3d Cir. 2013) (citing Toll Bros. v. Bd. of Chosen Freeholders, 944 A.2d 1, 19 (N.J. 2008)).  The "clear and definite promise" requirement is considered the "sine qua non for applicability of this theory of recovery."  Id. (citation omitted).  Indefinite promises or promises subject to change by the promisor are not "clear and definite" and cannot give rise to a claim for promissory estoppel.  Id. (citation omitted).

To establish a claim for account stated, Plaintiff must show the defendant promised to pay based on an admission of indebtedness to Plaintiff.  Maersk Line v. TJM International Limited Liability Company, 427 F. Supp. 3d 528, 536 (D.N.J. 2019) (citing Harris v. Merlino, 137 N.J.L. 717, 61 A.2d 276, 279 (1948)).  This admission can be express or implied through conduct.  Id.

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the

9

plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted). "A motion to dismiss should be granted if the plaintiff is unable to plead enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570).

The plausibility of Plaintiff's three counts rests on the content of Aetna's preauthorization. Plaintiff's complaint is silent, however, on that issue. Plaintiff's complaint alleges that it obtained an authorization number from Aetna, but it fails to attach a document to show that authorization number, or even describe how it obtained that authorization number. Plaintiff's complaint also fails to attach a document to show, or even describe, exactly what services Aetna allegedly preauthorized. Plaintiff alleges generally that "[b]y authorizing the surgery [Aetna] agreed to pay the fair and reasonable rates for the medical services provided by

10

Plaintiff" (Docket No. 1-1 at 9), but Plaintiff does not articulate what "medical services" Aetna "agreed to pay the fair and reasonable rates for."

These vague allegations as to which services Aetna agreed to cover, and how much Aetna agreed to pay Plaintiff for these services, do not provide sufficient facts to support the plausibility of Plaintiff's breach of contract, promissory estoppel, and accounts stated claims. Each of these claims requires Plaintiff to show the specific terms Aetna agreed to (for breach of contract) or the precise promise Aetna made (for promissory estoppel and accounts stated).

The preauthorization letter submitted by Aetna in support of its motion to dismiss purportedly provides the necessary factual detail, and that letter contradicts Plaintiff's contention that Aetna agreed to pay Plaintiff's "fair and reasonable rates" in full as charged. Plaintiff argues, however, that the Court should not consider the preauthorization letter because Plaintiff did not receive it, and Aetna has not provided any proof that it sent it to Plaintiff.

While it is true that Aetna cannot ask the Court to rely upon the letter at this motion to dismiss stage if Aetna did not send it to Plaintiff or if Plaintiff truly did not receive

11

it,[6] it is also true that Plaintiff cannot avoid the Court's consideration of the preauthorization letter in assessing the viability of Plaintiff's claims by failing to attach it to its complaint or by only referring to it vaguely in its complaint. Plaintiff must still allege sufficient facts to set out a plausible claim. Plaintiff has not done so. The Court finds that when looking solely on the face of Plaintiff's complaint, Plaintiff has not alleged sufficient facts to support its claims against Aetna. The Court must grant Aetna's motion to dismiss, but the Court will afford Plaintiff thirty days to file an amended complaint if it can do so consistent with this Opinion, Twombly/Iqbal, and Fed. R. Civ. P. 11.

An appropriate Order will be entered.


Date:   June 28, 2021                s/ Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.

---

[6] A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).